IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ERICK WANJIKU,

        **Plaintiff,**

v.

GENTNER F. DRUMMOND,

        **Defendant.**

Case No. 23-CV-0363-SEH-MTS

## OPINION AND ORDER

Petitioner Erick Wanjiku, appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2019-4181. ECF No. 3. Respondent Gentner F. Drummond has moved to dismiss the petition, arguing that (1) this Court lacks jurisdiction to adjudicate the petition because Wanjiku is no longer "in custody" under the challenged judgment, as required by 28 U.S.C. § 2254(a), and, in the alternative, (2) Wanjiku failed to exhaust his claims in state court prior to seeking federal habeas relief.[1] ECF No. 10. Wanjiku has responded in opposition to the motion. ECF Nos. 11, 13. For the following reasons, the Court finds that it

---

[1] Because the Court determines it lacks jurisdiction to adjudicate Wanjiku's petition, the Court does not address Respondent's alternative argument.

lacks jurisdiction to adjudicate the petition and therefore grants Respondent's motion and dismisses the petition without prejudice.

I. BACKGROUND

Wanjiku was convicted by a jury on January 5, 2022, for domestic assault and battery by strangulation, in violation of OKLA. STAT. tit. 21, § 644(J). ECF No. 10-2, at 1.[2] The state district court sentenced Wanjiku to a three-year term of imprisonment. *Id.* Wanjiku discharged his sentence on May 8, 2023, and immediately was placed in the custody of the U.S. Department of Homeland Security and transported to an Immigration and Customs Enforcement ("ICE") field office in Oklahoma City. ECF No. 10-13, at 1; ECF No. 10-14, at 3 & n.1; *Wanjiku v. Dep't of Homeland Sec.*, No. CIV-23-464-R, 2023 WL 5340918, at *1 (W.D. Okla. July 24, 2023).

An altercation ensued between Wanjiku and two ICE deportation officers on that same date, which resulted in a subsequent conviction on two federal counts of assault on a federal officer. *See* ECF Nos. 14, 15, 17. Wanjiku was convicted by a jury on both counts on August 15, 2023. ECF No. 17. He initiated his federal habeas action four days later, on August 19, 2023, while a federal detainee awaiting sentencing for his federal assault convictions.

---

[2] The Court's citations refer to the CM/ECF header pagination.

ECF No. 1, at 7.[3]  Wanjiku was sentenced on his federal convictions on January 17, 2024, to a three-year term of imprisonment.  Judgment, *United States v. Wanjiku*, No. CR-23-227-R (W.D. Okla. Jan. 17, 2024), ECF No. 97, at 2.

II.    DISCUSSION

Section 2254(a) requires a petitioner to be "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "The custody requirement is jurisdictional."  *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009).  Respondent contends that this Court lacks jurisdiction to adjudicate Wanjiku's habeas petition because the state sentence he seeks to challenge fully expired prior to the initiation of this action.  ECF No. 10, at 13-17; *see Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014) ("A petitioner must satisfy the custody requirement at the time the habeas petition is filed.").

Wanjiku raises three arguments in response.  First, he contends that he requested habeas relief while "still in custody in August 2022."  ECF No. 11, at 2.  Presumably, Wanjiku is referring to a petition for writ of habeas corpus

---

[3] In an Order dated September 5, 2023, the Court struck Wanjiku's initial petition from the record due to deficiencies and directed Wanjiku to file a § 2254 petition using the court-approved form.  ECF No. 2. Wanjiku submitted his petition on the appropriate form on September 12, 2023.  ECF No. 3.

3

he filed in this Court in a separate action on August 24, 2022. *See* Petition, *Wanjiku v. Hearrell*, No. 22-CV-368-JFH-CDL (N.D. Okla. Aug. 24, 2022), ECF No. 1. That petition was dismissed without prejudice as premature, due to the pendency of the direct appeal in his state criminal case, and for Wanjiku's failure to exhaust available state remedies. *See* Order, *Wanjiku v. Hearrell*, No. 22-CV-368-JFH-CDL (N.D. Okla. Sept. 8, 2022), ECF No. 4. Wanjiku's custody status at the time he initiated a separate action is not relevant to the custody inquiry in the instant action, however.

Second, Wanjiku contends that, though his state sentence has been discharged, he nonetheless meets § 2254's "in custody" requirement because "the state conviction [was] used by the federal court to enhance [his federal] sentence." ECF No. 13, at 1-2 (asserting that the "enhancement advances [his] eligibility for release from [his] present detention"). Wanjiku provides no evidence supporting this assertion. Further, "a habeas petitioner does *not* remain in custody 'under a conviction after the sentence imposed for it has fully expired, merely because' that prior conviction could be or actually was used 'to enhance the sentences imposed for any subsequent crimes of which he is convicted.'" *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (quoting *Maleng v. Cook*, 490 U.S. 488, 492 (1989)).

Third, Wanjiku argues he is in custody under the reasoning of *Garlotte v. Fordice*, 515 U.S. 39 (1995). ECF No. 13, at 2. In *Garlotte*, the U.S. Supreme

Court held that a prisoner "serving the latter of two or more consecutive sentences 'remains "in custody" under all of his sentences until all are served, and . . . may attack the conviction underlying the sentence scheduled to run first in the series.'" *McCormick*, 572 F.3d at 848 (quoting *Garlotte*, 515 U.S. at 41, 43, 47). Wanjiku's state and federal sentences, however, did not run consecutively. *See* Judgment, *United States v. Wanjiku*, No. CR-23-227-R (W.D. Okla. Jan. 17, 2024), ECF No. 97, at 2. In fact, Wanjiku's federal sentence was imposed after Wanjiku's state sentence had expired. Accordingly, Wanjiku has not shown he is "in custody," for purposes of § 2254, under the reasoning of *Garlotte*.

III. CONCLUSION

Based on the foregoing, the Court grants respondent's dismissal motion [ECF No. 9] and dismisses the petition, without prejudice, for lack of jurisdiction. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the petition on jurisdictional grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. respondent's motion to dismiss [ECF No. 9] is **granted**;
2. the petition for writ of habeas corpus [ECF No. 3] is **dismissed without prejudice**;

3. a certificate of appealability is **denied**; and

4. a separate judgment shall be entered in this matter.

**DATED** this 15th day of July, 2024.

*Sara E. Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE